**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **BENJAMIN DRABIK,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ALDOUS & ASSOCIATES, P.L.L.C., TYLER RICE, JACOB SEASTRAND, ZAKARI BOGDEN, and JOHN DOES 1-10,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:26-cv-00327-DBB-JCB**<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Defendant Aldous & Associates, P.L.L.C.'s ("Aldous") moved for leave to: (1) file an amended answer and counterclaims ("Motion to Amend")[2] and (2) to seal portions of that motion ("Motion to Seal").[3] Plaintiff Benjamin Drabik ("Mr. Drabik") opposes the motion for leave to file an amended answer and counterclaims.[4] As the Motion to Seal is unopposed, and for good

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF No. 22.

[2] ECF No. 31.

[3] ECF No. 32.

[4] ECF No. 35.

cause appearing, the court GRANTS the Motion to Seal.[5] For the reasons set forth below, the court GRANTS the Motion to Amend.[6]

## BACKGROUND

Late on September 18, 2026, the court received several filings from Aldous, including two versions of a proposed second amended answer and counterclaims ("SAA") and a motion to seal.[7] It appears that Aldous also intended to file along with these documents a motion seeking leave to amend the answer, but that did not occur.[8] It is clear from the contents of these documents that they were filed erroneously. Each was later stricken from the docket.[9] The following Monday, September 21, 2026, Aldous filed the Motion to Amend and Motion to Seal at issue here, along with a sealed version of the Motion to Amend.[10] The deadline to file a motion to amend pleadings was September 18, 2026.[11] Although Aldous initially maintained that the "deadline for amending pleadings ha[d] not passed" at the time it filed its Motion to

---

[5] ECF No. 32.

[6] ECF No. 31.

[7] ECF Nos. 27-29.

[8] The stricken motion to seal seeks to seal parts of the SAA, which was filed alongside that motion to seal, and it also seeks to seal parts of a motion to amend, though no motion to amend was filed until the following Monday. ECF No. 28. This strongly suggests a motion to amend was to be included in the Friday filing package.

[9] *See* ECF Nos. 30, 37.

[10] ECF Nos. 31-33.

[11] ECF No. 25.

Amend,[12] Aldous in its reply brief does not dispute that the Motion to Amend was filed on September 21, 2026, which is after the deadline to move to amend pleadings.[13]

The Motion to Amend seeks to add four counterclaims to this action.[14] In support, Aldous argues that the standard for amending pleadings under Fed. R. Civ. P. 15 is a liberal one, that newly discovered evidence warrants amendment, and that Mr. Drabik would not be prejudiced by such amendment because discovery was not set to expire for months and the counterclaims arise from the same common nucleus of operative fact as Mr. Drabik's claims.[15]

Mr. Drabik argues in opposition that the motion was filed after the relevant deadline expired and Aldous does not demonstrate the good cause or excusable neglect necessary for an extension; that the proposed counterclaims would enlarge and delay the case; and that several of the proposed counterclaims are inadequately pleaded and thus futile.[16] Mr. Drabik also argues that Aldous fails to demonstrate diligence where its August disclosures show Aldous knew of the counterclaims then—and possibly earlier—but brought the motion to amend in September.[17] Additionally, Mr. Drabik says the court should require Aldous to promptly supplement its previous disclosures because the proposed SAA seeks punitive damages, attorney fees, and interest without a computation as required by Fed. R. Civ. P. 26.[18]

---

[12] ECF No. 31 at 3.

[13] ECF No. 38 at 3.

[14] ECF No. 16.

[15] ECF No. 31 at 2-3.

[16] ECF No. 35 at 4-7.

[17] *Id.* at 4-5.

[18] *Id.* at 7-8.

## LEGAL STANDARDS

As the Motion to Amend was filed after the relevant deadline expired, Aldous must demonstrate both good cause under Fed. R. Civ. P. 16(b)(4) and excusable neglect under Fed. R. Civ. P. 6(b)(1)(B).[19] The United States Court of Appeals for the Tenth Circuit has recognized that good cause and excusable neglect are not identical but are interrelated.[20] With respect to what is required to show good cause, the Tenth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.[21]

"Good cause requires a greater showing than excusable neglect."[22] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[23]

---

[19] Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order "may be modified only for good cause and with the judge's consent"); Fed. R. Civ. P. 6(b)(1)(B) (providing that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect.").

[20] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

[21] *In re Kirkland*, 86 F.3d at 175 (citation modified) (emphasis in original); *see also Putnam*, 833 F.2d at 905.

[22] *In re Kirkland*, 86 F.3d at 175 (citation modified).

[23] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (citation modified).

"It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[24]

To determine whether the lesser standard of excusable neglect is shown,

> a court must take into account "all relevant circumstances surrounding the party's omission." These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; and (4) "whether the movant acted in good faith."[25]

"The Tenth Circuit has . . . held that the third factor . . . is 'perhaps the most important single factor in determining whether neglect is excusable.'"[26] "'An inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'"[27]

The standard to evaluate the Motion to Amend is found in Fed. R. Civ. P. 15(a)(2), which provides that the court "should freely give leave" to amend pleadings "when justice so

---

[24] *Id*. at 701 (citation modified).

[25] *Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (citation modified); *see also Shifers*, 2018 WL 6620866, at *3 (providing that although the *Pioneer* Court's "discussion of excusable neglect . . . concerned Bankruptcy Rule 9006(b)(1), its analysis rested on the plain meaning of the terms" and that, accordingly, "the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under . . . Federal Rule of Civil Procedure 6(b)" (citing multiple Tenth Circuit cases) (citation modified)).

[26] *Shifers*, 2018 WL 6620865, at *3 (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)) (citation modified).

[27] *Id*. (citation modified) (quoting *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)).

requires."[28] Whether to grant leave to amend "is within the discretion of the trial court."[29] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[30] Prejudice to the opposing party is the "most important" factor in deciding whether to give leave to amend.[31]

## Analysis

The court first discusses whether to accept the late-filed Motion to Amend and, after (I) determining that good cause and excusable neglect support treating the motion as timely, (II) the court concludes that the relevant factors under Fed. R. Civ. P. 15 support granting leave to amend.

### I. Good Cause and Excusable Neglect Exist Sufficient to Treat the Motion to Amend as Timely.

Aldous demonstrates both good cause and excusable neglect, and, therefore, the court treats the Motion to Amend as timely. Although the motion was filed after the relevant deadline, the record is clear that this was the result of a clerical error. This alone does not provide good cause. A good-cause inquiry focuses instead on the party's diligence in attempting to meet the relevant deadline. Here, the record strongly indicates that Aldous's attorney took the steps necessary to meet the deadline, including drafting the motion in question. Indeed, the attorney who signed the motion attested in a signed affidavit that the Motion to Amend was "prepared,

---

[28] Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

[29] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citation modified).

[30] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation modified).

[31] *Minter*, 451 F.3d at 1207 (citation modified).

finalized, and intended to be filed" on Friday, September 18, 2026.[32] The record supports this contention, including the fact that the stricken Friday filings mention a Motion to Amend, although one was not filed until Monday.[33] The stricken filings were received by the court between 11:17 p.m. and 11:28 p.m. on the day of the deadline.[34] Leaving the filing until the 11th hour and failing to confirm that the filings were entered correctly, especially where confidential client information was at stake, are not displays of diligence. However, it is clear that the attorney diligently attempted to meet the deadline because she prepared the necessary documents before the deadline and sent them off to be filed. Whether the filing mistake was counsel's or another firm employee's, that mistake is still imputed to Aldous. Nevertheless, the mistake was not due to a lack of diligence on Aldous' part. The court does not go so far as to say that meeting the filing deadline was not within Aldous's control,[35] or that the attorney's job was done once the filings were handed off to a legal assistant. But Aldous has shown a good faith attempt to comply with the deadline and a reasonable basis for noncompliance.[36] Accordingly, Aldous has demonstrated good cause for the court to accept the Motion to Amend as timely.

As for the lesser standard of excusable neglect, the court considers all relevant circumstances, including the danger of prejudice to Mr. Drabik; the length of the delay; the reason for the delay and whether it was within Aldous' reasonable control; and whether Aldous

---

[32] ECF No. 38-1 at 3.

[33] ECF No. 28.

[34] ECF Nos. 27-29.

[35] *Utah Republican Party*, 678 F. App'x at 700-01.

[36] *In re Kirkland*, 86 F.3d at 175.

acted in good faith.[37] A consideration of these factors supports a finding of excusable neglect. The danger of prejudice to Mr. Drabik is quite low given the short delay in filing. And while the reason for the delay was in the movant's control—it was the movant who botched the Friday filings—this is outweighed by Aldous' good-faith attempt to file on the day of the deadline as discussed above. Considering the totality of the circumstances, the court finds excusable neglect sufficient to consider the Motion to Amend as timely.

## II. Justice Requires Granting Leave to Amend Because of There is No Undue Delay, Undue Prejudice, Bad Faith, Dilatory Motive, or Futility.

The court first determines that (A) the lack of undue delay, undue prejudice, bad faith, or dilatory motive supports granting leave to amend; then (B) the court declines to engage in a futility analysis because those arguments are more appropriately addressed in dispositive motions than in the context of a motion to amend.

### A. <u>The Lack of Undue Delay, Undue Prejudice, Bad Faith, or Dilatory Motive Supports Granting Leave to Amend.</u>

Fed. R. Civ. P. 15 provides that the court should freely give leave to amend a pleading when justice so requires. The Court of Appeals for the Tenth Circuit has identified several circumstances in which refusing leave to amend is justified.[38] None are present here. The court takes each in turn.

First, there is no undue delay where Aldous filed the motion at issue the first business day after the relevant deadline. True, this occurred the Monday after a Friday deadline, but this does

---

[37] *Utah Republican Party,* 678 F. App'x at 701 n.2 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395)).

[38] *Bylin*, 568 F.3d at 1229.

not make the delay undue. Second, and most importantly,[39] the late filing does not unduly prejudice Mr. Drabik. It is not clear from the record how the three calendar-day delay (which includes a weekend) prejudiced Mr. Drabik at all, and Mr. Drabik does not provide fulsome argument that the delay caused him prejudice.[40] Lastly, there is no evidence that Aldous acted in bad faith or with the motivation to delay the case. As discussed above, the record reveals Aldous made a good-faith attempt to comply with the deadline, and filing the next business day after a court-imposed deadline is no evidence that Aldous acted to delay. For these reasons, and given the lack of circumstances that would support refusing leave to amend, justice requires the court grant leave to amend.

B. The Court Declines to Engage in a Futility Analysis Because Those Arguments Are More Appropriately Addressed in Dispositive Motions Rather Than in the Context of a Motion to Amend.

The bulk of Mr. Drabik's opposition to the Motion to Amend argues the futility of Aldous' proposed counterclaims.[41] And it is true that a district court "may refuse to allow amendment if it would be futile."[42] However, "it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the arguments would be more appropriately addressed in dispositive motions."[43] Mr. Drabik raises several substantive

---

[39] *Minter*, 451 F.3d at 1207.

[40] *See generally* ECF No. 35.

[41] *Id.*

[42] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[43] *R.L. v. Aetna Life Ins. Co.*, No. 2:23-CV-00494, 2024 WL 2941844, at *4 (D. Utah June 11, 2024); *see also Lankford v. Park City Tow, Inc.*, No. 2:25-CV-00986-TS-JCB, 2026 WL 2271301, at *2 (D. Utah Aug. 6, 2026) ("the court declines to consider futility because that issue would be more appropriately addressed through any dispositive motions"); *Lambe v. Sundance*

challenges to Aldous's proposed counterclaims.[44] However, given the context in which Mr. Drabik raises these arguments, the briefing is necessarily abbreviated. A dispositive motion would allow these arguments to be fully ventilated in a motion, response, and reply. Here, the arguments comprise half of a response to a motion and a portion of Aldous' reply. Given these circumstances, the court exercises its discretion to decline to engage in a futility analysis.

## ORDER

For the reasons stated above, the court GRANTS both motions.[45] Accordingly, the court HEREBY ORDERS as follows:

(1) On or before November 30, 2026, Aldous shall file the second amended answer and counterclaims attached to its Motion to Amend.[46]

---

*Mountain Resort*, No. 2:17-CV-00011-JNP, 2018 WL 4558413, at *3 (D. Utah Sept. 21, 2018) (declining to engage in a futility analysis because "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment under Rule 15"); *Obeslo v. Great-W. Cap. Mgmt., LLC*, No. 16-CV-00230-CMA-MJW, 2017 WL 10591604, at *3 (D. Colo. Feb. 21, 2017) ("Defendants' futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15 opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." (citation modified)), *report and recommendation adopted*, No. 16-CV-00230-CMA-MJW, 2017 WL 10591349, at *1 (D. Colo. Mar. 14, 2017); *Stender v. Cardwell*, No. 07-CV-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011) ("Because Defendants do not argue they face any—let alone undue—prejudice if the Court grants Plaintiffs leave to file their Amended Class Action Complaint, their opposition to the instant motion is grievously weakened. Accordingly, the Court—preserving its scarce resources—will not at this time consider the question whether the amendments should be denied on grounds of futility because they fail to state plausible claims for relief. The Court will consider that question if and when Defendants file a motion to dismiss on those grounds.").

[44] ECF No. 35 at 5-7.

[45] ECF Nos. 31 and 32.

[46] ECF No. 31-1.

(2) On or before November 30, 2026, Aldous shall supplement its disclosures as required by Fed. R. Civ. P. 26.

(3) Exhibits A and B to the Motion to Amend shall remain under seal until further court order.[47]

IT IS SO ORDERED.

DATED this 20th day of November 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

[47] ECF Nos. 33-1, 33-2.